IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-20318

MARIA OBANDO,

    Plaintiff,

vs.

M&E INVESTMENT PROPERTIES, INC., d/b/a
ALAMO HOTEL, and MAVIS SIMPSON,

    Defendants.
_____/

### ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment (ECF No. 37), Plaintiff's Motion for Summary Judgment (ECF No. 41), and Defendants' Motion to Strike Plaintiff's Affidavit (ECF No. 54). These Motions are now ripe for review. UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.  **BACKGROUND**[1]

Plaintiff, Maria Obando, filed a Complaint on January 30, 2011, alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) ("FLSA") on the part of the Defendants, M&E Investment Properties Inc., and Mavis Simpson. M&E Investment Properties Inc. owns

---

[1] The facts herein are taken from Defendants' Motion for Summary Judgment, Defendants' Statement of Material Undisputed Facts (ECF No. 38), Plaintiff's Motion for Summary Judgment, and Plaintiff's Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment (ECF No. 52). All facts are construed in the light most favorable to the non-movant in each of the motions before the Court.

and operates a hotel in Miami-Dade County, Florida, and Simpson is an alleged corporate officer and owner of the hotel. Obando specifically claims Defendants failed to pay her overtime wages in violation of 29 U.S.C. § 207(a)(1).

On May 16, 2011, Defendants filed a Motion to Dismiss for Lack of Jurisdiction or Alternatively Motion for Summary Judgment (ECF No. 21), claiming that the Court lacked jurisdiction over this matter because the Defendants' hotel did not gross over $500,000 in revenue from 2008-2010. On June 27, 2011, the Court issued an Order (ECF No. 27) directing the Parties to undertake limited discovery regarding the hotel's revenue as it applied to enterprise coverage under the FLSA. On June 30, 2011, the Court issued a Paperless Order (ECF No. 29) which clarified the parameters of discovery so as to include interstate commerce activity as relevant to individual and enterprise coverage under the FLSA, as well as discovery of evidence of lodging of transient guests. The Parties have completed discovery and they now each move separately for summary judgment.

## II.   STANDARD OF REVIEW

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

> A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."

Ritchey v. S. Nuclear Operating Co., No. 10–11962, 2011 WL 1490358, at *1 (11th Cir. Apr.20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc.,121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the

record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.   ANALYSIS

#### A.   Enterprise Coverage

Title 29 U.S.C. § 203(s)(1)(A) governs whether an enterprise is subject to the requirements of the FLSA. It requires that for enterprise coverage to apply, the enterprise must have employees engaged in commerce or in the production of goods for commerce, and have an annual gross volume of sales or business that is not less than $500,000. 29 U.S.C. § 203(s)(1)(A).

Defendants argue that they are not subject to the enterprise coverage requirement of the FLSA. Defendants have presented evidence of tax returns from 2008-2010 to demonstrate that the hotel did not receive more than $500,000 in gross revenue during those years. Ex. 7 Defs.' Stmnt. Material Undisp. Facts (ECF No. 38-7). Plaintiff does not dispute this argument, and admits that she is "not traveling under an enterprise theory with respect to FLSA coverage." Pl.'s Stmnt. Material Facts ¶ 4. Given the evidence of revenue for the past three years presented by the Defendants, and the lack of any contrary evidence, as well as Plaintiff's concession that she is not pursuing a claim of enterprise coverage, the Court grants summary judgment on that issue in favor of the Defendants.

B. Individual Coverage

Title 29 U.S.C. § 207 provides overtime compensation for workers who are (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. Thorne v. All Restoration Servs., 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2)(2005) and 29 C.F.R. § 776.24 (2005)). See also McLeod v. Threlkeld, 319 U.S. 491, 496 (U.S. 1943) (finding that plaintiff's activities were purely local, and he was not engaged in commerce when he merely cooked and cleaned for railroad workers). This Court applied these very guidelines in Lopez v. Top Chef Inv., Inc., 2007 U.S. Dist. LEXIS 88120 (S.D. Fla. 2007), when it held that a cook who prepared food in a local restaurant was not sufficiently engaged in interstate commerce to effectuate individual coverage under the FLSA.

Defendants assert that Obando's job at the hotel was to work as a housekeeper and that she was not engaged in interstate commerce in any way that was sufficient to sustain a claim of individual coverage under the FLSA. Defendants point to Obando's admissions in her deposition that she was not engaged in interstate commerce and did not regularly participate in the movement of persons or things across state lines. Defs.' Stmnt. Material Undisp. Facts ¶ 2. However, a review of Obando's deposition indicates that she claims to have worked at the hotel front desk daily from 7 a.m. until 1 p.m. Obando Dep. 43:8-21 (ECF No. 38-2). Further, Obando presents an affidavit which contests Defendants' characterization of her role at the hotel

4

as limited to housekeeper. Pl.'s Aff. (ECF No. 42-1). Obando claims that during her daily front desk duty she would regularly speak with customers on the telephone, taking reservations from individuals in and out of state. Id. ¶¶ 4-9. Obando also claims that she arranged ground transportation for people going to the airport to take flights in and out of the state. Id.

Defendants contest Obando's claims and point to her deposition testimony as providing conflicting evidence of her involvement in the operation of the front desk and interaction with guests both in person and on the phone. Defendants go so far as to characterize Obando's affidavit as "a sham." Reply at 2 (ECF No. 58); Mot. Strike Pl.'s Aff. at 5. A genuine issue can exist by virtue of party's affidavit, even if it conflicts with her deposition. Van T. Junkins & Assocs., Inc. v. U.S. Indust., Inc., 736 F.2d 656, 658 (11th Cir. 1984) (citing Kennett-Murray Corp. v. Bone, 622 F.2d 887 (5th Cir. 1980)). In Junkins, the court found that a witness' affidavit explained certain aspects of his deposition testimony and clarified ambiguities created by frequent shifts in the deposition questioning. Id. The Court found the conflict did not represent a sham, but instead that it created a genuine issue of material fact. Id. This Court fails to find the level of disparity that Defendants allege exists between Obando's deposition and her affidavit. Her deposition responses are not directly inconsistent with the claims in her affidavit.

Viewed in the light most favorable to the Plaintiff, the evidence indicates that a genuine issue of material fact exists with regard to whether Obando was "engaged in commerce." Defendants argue that Obando foreclosed her claim of individual coverage when upon being questioned as to whether her job involved interstate commerce, she replied "no." However, it appears from the facts alleged by both Parties that Obando is not fluent in English. Even if she were fluent, the Court would find it difficult to hold her accountable for what tasks fall under the definition of interstate commerce within its meaning in the FLSA, the nuances of which present

5

enough of a challenge for seasoned lawyers and jurists.

Obando has presented facts in her affidavit that demonstrate a genuine issue of material fact remains with regard to her role at the hotel, and whether that role was sufficiently engaged in interstate commerce. She alleges that she regularly worked the front desk where she used the telephone to communicate with guests and potential guests, and that she was involved in arranging their travel plans. Because the set of facts presented by her deposition and her affidavit indicate a genuine issue of material fact exists with regard to individual coverage, summary judgment is not appropriate with regard to this issue.

C. Plaintiff's Presentation of Heart of Atlanta Motel v. United States

In both her Response to Defendants' Motion for Summary Judgment, and her own Motion for Summary Judgment, Obando argues that the Court should adopt the position that the FLSA sits *pari passu* with the Civil Rights Act of 1964, and the analysis of that statute's reach as provided by Heart of Atlanta Motel v. United States, 379 U.S. 241 (1964). The Court declines to forge such an interpretation of the FLSA. The extent to which an individual is covered by the FLSA is provided in the Eleventh Circuit's decision in Thorne, as the Court discussed *supra*.

D. Defendant Simpson's Liability Under the FLSA

In rebutting Obando's assertion of liability under the FLSA, Defendant Simpson has only raised the argument that her liability arises solely as a derivative of M&E Investment Properties Inc.'s liability. The Court has determined that M&E Investment Property Inc. has not disproved liability at this stage, and therefore Simpson's liability correspondingly remains an issue of material fact.

E. Plaintiff's Motion for Summary Judgment

In her Motion for Summary Judgment, Obando requests that the Court find that coverage

6

under the FLSA is present and that no evidence will need to be introduced at trial regarding interstate commerce, Defendants' gross annual income, or transient guests. As the Court has discussed, the facts only support a finding by the Court that there is no remaining genuine question of fact with regard to enterprise coverage under the FLSA, and the enterprise coverage claim is therefore dismissed with prejudice. With regard to the claims of interstate commerce and transient guests, the evidence shows they remain genuine issues of material fact.

Obando's motion provides an opportunity to highlight the dual role these facts play within an FLSA claim, that is, they not only function as elements of the claim, but also define the scope of the FLSA statute. "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" Turcios v. Delicias Hispanas Corp., 275 Fed. App'x 879, 880 (11th Cir. 2008) (quoting Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)) (internal quotations omitted).[2] When a jurisdictional challenge implicates the merits of the underlying claim, "the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)). In such instances, the court is to resolve the issue in accordance with a Rule 56 analysis and review of the evidence. Id. at 929-930. See also Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1258 (11th

---

[2] The Court notes that given the holding in Arbaugh v. Y&H Corp., 546 U.S. 500, 515-16 (2006), it is unlikely that the enterprise and individual coverages outlined in the FLSA actually dictate jurisdiction. Although the Eleventh Circuit decided Turcios in the light of Arbaugh, it did not apply Arbaugh because the issue of jurisdiction was not raised by the parties in Turcios. Turcios, 275 Fed. App'x at n.5. Similarly, in the instant case the issue of whether enterprise or individual coverage under the FLSA are jurisdictional has not been raised by the Parties. Moreover, were this Court to apply Arbaugh to the instant case the result would be the same Rule 56 analysis and outcome.

Cir. 1997).

A Rule 56 analysis of this case indicates that the issues of interstate commerce and transient guests remain questions of fact, and the Plaintiff's motion to foreclose further evidence on those issues is therefore denied. With regard to Obando's presentation of evidence of transient guests, the Court understands Plaintiff's presentation of this evidence to support individual coverage under the FLSA, specifically Obando's claim that she directly participated in the actual movement of those transient guests in interstate commerce by making travel arrangements for guests coming from out of state. Thorne, 448 F.3d at 1266. If the Plaintiff's presentation of this evidence is in an effort to prove that the hotel itself is an instrument of interstate commerce and that Obando's employment there in any capacity confers individual coverage, the Court notes that it has not been presented with any binding precedent which would provide merit to such an argument.

F. Defendants' Motion to Strike Plaintiff's Affidavit

Defendants claim in both their Reply brief and a separate Motion to Strike Plaintiff's Affidavit, that Obando's affidavit is a "sham affidavit." Reply at 2 (ECF No. 58), Mot. Strike Pl.'s Aff. at 5. Defendants claim that Obando produced this affidavit in order to refute the testimony that she provided during her deposition. Defendants allege inconsistencies between the deposition testimony, the affidavit, and Obando's responses to interrogatories. However, a review of the evidence shows no such inconsistencies. It is clear from the deposition transcript that during Defendants' questioning of Obando she maintained that she worked at the front desk of the hotel. It appears that each time she attempted to explain her role and her duties there, Defendants' counsel expressed frustration and attempted to shift the focus of the question. Further, a review of the deposition, affidavit, and responses to interrogatories does not reveal the

8

glaring contradictions the Defendants claim are indicative of "a sham." Striking Obando's affidavit is therefore not a sanction which the Court is convinced is appropriate in this instance.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Defendants' Motion for Summary Judgment (ECF No. 37) is GRANTED IN PART. Plaintiff's claim of FLSA coverage under the enterprise coverage afforded pursuant to 29 U.S.C. § 203(s)(1)(A) is DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment (ECF No. 41) is DENIED. It is further

ORDERED AND ADJUDGED that Defendants' Motion to Strike Plaintiff's Affidavit (ECF No. 54) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of September, 2011.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record